Case No. SACV 10-1775 DOC(Ex)                                    Date: July 22, 2011

Title: James Lake v. Delta Air Lines, Inc.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR
AMEND JUDGMENT ON THE PLEADINGS

     Before the Court is plaintiff James Lake ("Plaintiff")'s Motion to Alter or Amend
Judgment on the Pleadings ("Motion") (Docket 15). The Court has considered the moving, opposing,
replying, and supplemental papers, and DENIES Plaintiff's Motion.

## I.      Background

     Defendant Delta Air Lines, Inc. ("Defendant") hired Plaintiff on December 8, 1978, as  a
pilot based out of Orange County, California. *Id.* at ¶ 5. On February 25, 1997, Plaintiff suffered a
hearing impairment due to an "on-the-job, in-flight related incident," rendering Plaintiff disabled. *Id.*
at ¶ 8. Plaintiff alleges that following the incident, Defendant "placed Plaintiff on inactive status due to
his disability," required Plaintiff to remain on inactive status indefinitely, and failed to accommodate
Plaintiff's disability. *Id.* at ¶ 11. Plaintiff retired on June 1, 2006. *Id.* at ¶¶ 5, 11.

     Plaintiff alleges that following his retirement, Defendant denied Plaintiff "the same non-
revenue travel benefits as were provided to other non-disabled retirees." *Id.* at ¶ 10. Plaintiff claims
that Defendant's policy of "denying certain benefits to retirees who were inactive due to disability prior
to age 50 is a punishment and retaliation for becoming disabled," and "Defendant has engaged in a

pattern and practice of refusing to provide certain benefits to all retired employees who are disabled prior to age 50." *Id.* at ¶¶ 11-12. Consequently, Plaintiff filed his Complaint in Superior Court on March 19, 2010, asserting claims for: (1) disability discrimination, (2) failure to accommodate, (3) failure to engage in interactive process regarding accommodation, (4) disparate treatment, (5) unfair business practices, and (6) negligent infliction of emotional distress (Docket 1). Defendant removed the action to this Court on November 18, 2010.

On January 3, 2011, Defendant filed its motion for judgment on the pleadings (Docket 7). Plaintiff failed to timely file his opposition by January 10, 2011 and, accordingly, the Court granted Defendant's motion as unopposed (Docket 12). Plaintiff subsequently filed the present Motion to alter or amend the Court's judgment. After considering, inter alia, Plaintiff's pro se status, the Court granted Plaintiff's motion and considered Plaintiff's late Opposition to Defendant's motion for judgment on the pleadings (Docket 23). In his Opposition, Plaintiff argues that Defendant's removal was improper because this Court lacks subject matter jurisdiction, but does not address the substantive merits of Defendant's motion (Docket 18).

## II.    Legal Standard

### A.    Removal

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The party seeking removal bears the burden of establishing federal jurisdiction." *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Gaus*, 980 F.2d at 566. Thus, removal is proper only when a defendant establishes that either federal question jurisdiction or diversity jurisdiction exist.

### 1.    Diversity Jurisdiction

Federal diversity jurisdiction in cases between United States citizens requires (1) an amount in controversy that exceeds $75,000, and (2) that all plaintiffs to an action be "citizens of different States" than all defendants. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Where the complaint leaves the amount in controversy unclear or ambiguous, the burden rests with the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 567. A removing defendant may not overcome the strong presumption against removal by simply reciting some "magical incantation" to the effect that "the matter in controversy exceeds the sum of $75,000." *See id.* Instead, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy requirement is satisfied. *Id.* This is a simple application of the principle that a party seeking adjudication in federal court bears the burden of proving that he or she belongs in federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

## 2. Federal Question Jurisdiction

Federal question jurisdiction extends to those cases in which (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002).

The "preemption doctrine" is an exception to the well-pleaded complaint rule, stating that a state cause of action can be deemed to arise under federal law where a federal law completely preempts state law. *ARCO Enval Remediation, L.L.C. v. Dep't of Health& Envtl Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). In other words, "[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*; *see also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption . . . a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

## B. Judgment on the Pleadings

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2011); *see, e.g., Heliotrope Gen., Inc. v.*

*Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

## III.   Discussion

### A.   Diversity Jurisdiction

The parties do not dispute diversity of citizenship; Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Georgia. Compl. ¶ 1. Diversity jurisdiction thus turns on whether the requisite $75,000 amount in controversy is met. 28 U.S.C. § 1332(a). On the face of the Complaint, Plaintiff does not claim a specific dollar amount of damages. Rather, Plaintiff seeks "general and special damages within the jurisdiction of this court according to proof," resulting from Plaintiff's "physical and emotional injuries, . . . medical care and treatment, . . . loss of income and loss of earning capacity, [and] loss of benefits . . . ." Compl. ¶¶ 21, 30, 38, 43. Plaintiff also explicitly seeks restitution, attorneys' fees and costs, emotional distress, and punitive damages. *Id.* at Prayer for Relief, ¶¶ 1-11.

Where the amount of damages sought is unclear, the defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). "Thus, [D]efendant must demonstrate that it is 'more likely than not' that the amount in controversy exceeds $75,000." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing *Sanchez*, 102 F.3d at 404).

Defendant argues that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant's Response to OSC 3. To support its assertion, Defendant argues that Plaintiff is seeking compensatory damages upwards of $314,534 to make up for lost benefits Plaintiff would have received but for Defendant's alleged wrongful conduct. *Id.* at 4. Defendant provides a declaration from a Delta employee outlining the history of Plaintiff's salary and retirement benefits (Docket 28). *See* Declaration of Lourdes Di Pietro 1. According to Defendant, Plaintiff earned $13,500 per month prior to his hearing impairment. *Id.* Since Plaintiff's retirement on June 1, 2006, "Plaintiff has been receiving retirement and disability benefits in the amount of $8,077 per month for a difference of approximately $5,423 in compensation per month." *Id.* Calculating Plaintiff's lost wages from his retirement to the time of filing Defendant's Response, Defendant contends that Plaintiff is seeking $314,534 in compensation. *Id.* The Court endorses this popular method of calculation and finds that it establishes by a preponderance of evidence that the amount in controversy exceeds $75,000. *See, e.g., Simmons*, 209 F. Supp. 2d at 1032. The compensatory damages alone are sufficient to satisfy the requisite amount for diversity jurisdiction.

Defendant additionally emphasizes that when determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including emotional distress, punitive damages, statutory penalties, and attorneys' fees. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). In this case, Plaintiff seeks, among other things, emotional distress damages, punitive damages, and attorneys' fees. Compl. at Prayer for Relief, ¶¶ 3, 4, 6. These additional claims support the Court's holding that the amount in controversy for this action exceeds $75,000.

Defendant also demonstrates that it is appropriate to consider punitive damages in this amount in controversy evaluation because punitive damages are available in claims involving violations of California's Fair Employment and Housing Act, Cal. Gov. Code § 12490, *et seq. See Simmons*, 209 F. Supp. 2d at 1033 ("The amount in controversy may include punitive damages when they are recoverable as a matter of law."). Together, the compensatory damages, emotional distress damages, and punitive damages at issue in this case more likely than not exceed the jurisdictional minimum. Consequently, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

Because diversity jurisdiction exists, the Court need not reach the question of whether there is federal question jurisdiction due to ERISA preemption.

### C. Merits

Although Plaintiff's Opposition does not contest the substantive merits of Plaintiff's motion for judgment on the pleadings, the Court reaffirms its decision to grant the motion on substantive grounds as well. Pursuant to Defendant's Bankruptcy Court Order Confirming Debtors' Joint Plan of Reorganization, all claims against Defendant based on acts or omissions that occurred before April 30, 2007 were discharged. Defendant's Motion for Judgment on the Pleadings 4. In September 2005, Plaintiff was sent proper notice of Defendant's bankruptcy and claim bar date. *Id.* at 6. Plaintiff does not dispute this.

Plaintiff's claims, however, are based solely on alleged acts or omissions that occurred at the latest in June 2006, when Plaintiff retired. Thus, Plaintiff's claims are barred by Defendant's Bankruptcy Confirmation. Other courts have similarly held that Delta's 2007 Bankruptcy Confirmation discharged claims based on conduct that occurred before April 30, 2007. *See, e.g., Long v. Delta Air Lines, Inc.*, 2009 WL 5198092 (W.D. Ky. Dec. 23, 2009); *Conroy v. Delta Air Lines, Inc.*, 2008 WL 1994830 (S.D. Fla. May 8, 2008); *see also O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000) (affirming the district court's dismissal of claims based on conduct that occurred before defendant's bankruptcy proceeding and discharge of claims).

### IV. Disposition

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment on the Pleadings is DENIED.  This case will remain closed.

The Clerk shall serve this minute order on all parties to the action.